IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY F. CHENAULT,

      Plaintiff,

  v.

BUREAU OF POLICE, et al.

      Defendant.,

Civil No. 05-640-CO

ORDER TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION TO DISMISS

COONEY, Magistrate Judge.

    Plaintiff's Application to *proceed in forma pauperis* (#4) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that it is frivolous. <u>See</u> 28 U.S.C. § 1915(d). Under the circumstances of this case, including the fact that plaintiff is apparently no longer incarcerated at the Multnomah County Detention Center and the fact that he has no less than four other similar civil case pending, I find that it would be superfluous to impose a filing fee to be deducted from plaintiff's inmate trust

1 - ORDER TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION TO DISMISS

account. If, for whatever reason, this case proceeds, a $250 filing fee will be imposed pursuant to the protocols established by the court under the Prison Litigation Reform Act.

## BACKGROUND

Plaintiff filed this action alleging "excessive use of racial discrimination as well as improper protocol towards the plaintiff in violation of the Eighth Amendment. The factual basis for plaintiff's claim is that at un unspecified time and place an unnamed defendant allegedly called plaintiff a "nigger." Plaintiff further alleges that "defendants used racial discrimination as well as harassment towards the plaintiff" (sic) and "threatened" him.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

## DISCUSSION

I find that regardless of liberally plaintiff's complaint is construed, it fails to state a claim.

Plaintiff appears to seek to hold some of the defendants liable on the basis of respondent superior. It is well settled that respondent superior is not a proper basis for liability under 42 U.S.C. § 1983. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); Rizzo v. Goode, 423 U.S. 362, 375-76 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. See, Boddie v. Coughlin, 583 F. Supp. 352, 356 (S.D.N.Y. 1984); Tunnell v. Office of Public Defender, 583 F. Supp. 762, 767 (E.D. Pa. 1984); Black v. Delbello, 575 F. Supp. 28, 30 (S.D.N.Y. 1983); Knipp v. Winkle, 405 F. Supp. 782, 783 (N.D. Ohio 1974). A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village,

723 F.2d 675, 680-81 (9th Cir. 1984). See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992) (quoting Hansen v. Black, supra, 885 F.2d at 646, in turn quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

Plaintiff has not alleged any facts that would support liability against any defendant based on the theory of respondent superior.

Moreover, the only factual allegation contained in plaintiff's complaint have to do with alleged *verbal* abuse. To the extent that plaintiff's claim can be construed as a claim for defamation, it fails to state a claim because defamation is not actionable under 42 U.S.C. § 1983. Seigert v. Gilley, 500 U.S. 226 (1991); Paul v. Davis, 424 U.S. 693 (1975).

The United States Constitution has not yet been construed to impose liability based on the ordinary trash talk alleged by plaintiff in this case. See, Oltarzewski v. Ruggiero, 830 F.2d

4 - ORDER TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION TO DISMISS

136 (9th Cir. 1987) (vulgarity and verbal harassment not actionable); Guat v. Sunn, 810 F.2d 932 (9th Cir. 1987) ("it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong"); Hopson v. Fredericksen, 961 F.2d 1374 (8th Cir. 1992) (racial slur and accompanying threat of violence not actionable); see also, Collins v Crundy, 603 F.2d 825 (10th Cir. 1976); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Hoptowit v. Ray, 682 F.2d 1237, 1252 (9th Cir. 1982)(federal court cannot order guards to refrain from using racial slurs).

If a defendant or defendants used racially derogatory language in plaintiff's presence it was certainly rude and inappropriate. However, such conduct, however discourteous and uncivil, did not violate plaintiff's constitutional rights.

## CONCLUSION

Based on the foregoing, plaintiff's complaint should be dismissed for failure to state a claim. Because it is apparent that the deficiencies of plaintiff's complaint cannot be cured by amendment, the dismissal should be with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.

Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

IT IS SO ORDERED.

DATED this \_\_\_\_\_ day of June, 2005.

                                                    s/
                                        John P. Cooney
                                        United States Magistrate Judge